UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAPE IBRAHIMA DIAGNE,

    Petitioner,                                     Case No: 18-11793
                                                                   Honorable Victoria A. Roberts

v.

SARAH HAMIDA DEMARTINO,

    Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION FOR NEW TRIAL, TO AMEND JUDGMENT, OR FOR RELIEF FROM JUDGMENT [ECF No. 61] and DENYING HER MOTION FOR STAY PENDING APPEAL [ECF No. 62]**

**I.    INTRODUCTION**

Before the Court are Respondent Sarah Hamida DeMartino's motion for new trial, to amend the judgment, or for relief from judgment, and her motion for stay pending appeal. Both motions are timely and fully briefed. On November 19, 2018, the Court held a hearing on the motions.

For the reasons that follow, the Court **DENIES** both motions.

**II.    MOTION FOR NEW TRIAL, TO AMEND THE JUDGMENT, OR FOR RELIEF FROM JUDGMENT**

Respondent moves: (1) for a new trial pursuant to Federal Rules of Civil Procedure 59(a); (2) to amend the judgment under Rule 59(e; or (3) for relief from judgment under Rule 60(b).

    **A.    Law for Rules 59(a), (e) and Rule 60(b)**

Under Rule 59(a), a court may grant a new trial after a nonjury trial "for any reason for which a rehearing has . . . been granted in a suit in equity in federal court."

Fed. R. Civ. P. 59(a)(1)(B). "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Tam v. Harrah's Tunica Corp.*, No. 08-2812, 2012 WL 2681810, at *3 (W.D. Tenn. July 6, 2012). Because a new trial upsets a final outcome, "new trial motions are generally disfavored and should be awarded with great caution." *Id.* (citation and quotation marks omitted).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). This Court has "considerable discretion in deciding whether to grant Rule 59 motions." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014).

In relevant part, Rule 60(b) allows "the court [to] relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) is intended to provide relief in two circumstances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted).

Respondent bases her motion on an alleged error of law and on what she calls "newly discovered evidence."

    **B.**    **Analysis Regarding Alleged Error of Law**

Respondent makes an error-of-law argument under all three avenues for relief – i.e., Rule 59(a) and (e) and Rule 60(b)(1).

2

In support of her motion, Respondent says the Court "was led to believe it could not order that both children remain in Michigan in order to keep the children together, where the requirements were met only for the return of one child." She argues that the Court had discretion to decline to return N.M.D. to Canada under Article 13*b*'s grave risk defense/exception, because splitting up two siblings created a grave risk of psychological harm and an intolerable situation. Respondent says the Court "made a manifest, clear, and substantive error of law when it concluded that it had to send [N.M.D.] back to Canada."

Regarding N.M.D., the Court found, and Respondent conceded, that Petitioner proved his prima facie case for return to Canada based on Respondent's wrongful retention of N.M.D. in the United States. The burden then shifted to Respondent to establish a defense/exception to return. *Friedrich v. Friedrich*, 983 F.2d 1396, 1400 (6th Cir. 1993) ("*Friedrich I*"). Respondent pled two defenses in her answer: (1) a human rights defense under Article 20; and (2) that Petitioner consented to the removal or subsequently acquiesced in the retention. During the hearing, Respondent proceeded only with her consent and acquiescence defense. The Court made detailed findings and concluded Respondent proved neither defense.

Notably, Respondent never pled an Article 13*b* grave risk defense in her answer, and she never raised the grave risk defense during the hearing. For this alone, Respondent's error-of-law argument fails under Rule 59(a) and (e) and Rule 60(b). *Rosenbaum v. Toyota Motor Sales, U.S.A., Inc.*, 708 Fed. Appx. 242, 244 (6th Cir. 2017) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."

(citation omitted)); *Leisure Caviar, v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (a party "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."); *Fairlane Car Wash, Inc. v. Knight Enterprises, Inc.*, No. 07-10165, 2009 WL 928725, at *3 (E.D. Mich. Mar. 31, 2009) (rearguing issues already decided does not satisfy the standard for a new trial under Rule 59(a)). It was not Petitioner's obligation to raise the grave risk defense on Respondent's behalf.

Moreover, even if Respondent would have properly raised the Article 13*b* grave risk exception, she failed to demonstrate grave risk by clear and convincing evidence, as required. See *Friedrich I*, 983 F.2d at 1400. Importantly, as Petitioner shows, each of the cases Respondent relies on contained circumstances where the children faced grave risk of verbal and/or physical abuse, circumstances which formed the basis for courts' conclusions that the children faced grave risk of harm.

Respondent's counsel ignored or did not understand this distinction; for example, during the hearing, Respondent's counsel repeatedly contended that the Second Circuit in *Ermini v. Vittori*, 758 F.3d 153 (2d Cir. 2014), focused its finding of grave risk for **both children** solely on the sibling relationship. However, that is far from true. The primary factor for finding grave risk existed – and the majority of the analysis regarding grave risk in the opinion – was based on physical abuse: "We therefore hold that the facts found by the district court were sufficient to meet the Hague Convention's requirement, by clear and convincing evidence, that the **children** faced a "grave risk" of harm because of Ermini's physical abuse." *Id.* at 165 (emphasis added). At the very end of

4

the discussion – as an afterthought and what is arguably dicta – the Court stated: "Moreover, in light of the children's close relationship to each other, and, ***significantly***, ***the conclusion we reached with respect to abuse***, we determine as well that it was not error for the district court to decline to separate the children." *Id.* at 167 (emphasis added). Significantly, the grave risk of abuse in those cases distinguish them from this case.

Respondent fails to demonstrate an error of law that warrants a new trial, amending the judgment, or relief from judgment.

### C. Analysis Regarding Alleged Newly Discovered Evidence

In addition to arguing the Court made an error of law, Respondent argues that the Court should "reconsider and amend its judgment [under Rule 59(e)] because of newly discovered evidence . . . namely, Petitioner-Father's decisions to reduce contact between Respondent[] and N.M.D. and to not allow N.M.D. to see the family and friends with whom he has close relationships in Michigan." Respondent says the move to Canada and separation from her and family and friends in Michigan has been traumatic for N.M.D. and shows a grave risk of harm. This argument fails for two reasons.

First, much of the evidence Respondent raises is based solely on N.M.D.'s post-return re-acclimatization to Canada; yet, if Respondent would not have wrongfully retained N.M.D., he would not have needed to re-acclimate to Canada. The Sixth Circuit has explained that a parent like Respondent may not use this type of evidence:

> A removing parent must not be allowed to abduct a child and then—when brought to court—complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the Convention, it is the abduction that causes the pangs of subsequent return. The disruption of the usual sense of attachment that arises during

5

> most long stays in a single place with a single parent should not be a "grave" risk of harm for the purposes of the Convention.

*Friedrich v. Friedrich*, 78 F.3d 1060, 1068 (6th Cir. 1996) ("*Friedrich II*") (footnote and emphasis omitted).

Moreover, even considering the newly discovered evidence Respondent submits, she still fails to demonstrate the Article 13*b* grave risk of harm defense by clear and convincing evidence. The Court is not supposed to determine custody matters under the Convention; yet, that is what Respondent asks the Court to do.

Finally, any limited risk of harm is further reduced because the Canadian custody proceeding for N.M.D. is scheduled for an interim custody determination on November 21, 2018. *See id.* ("When we trust the court system in the abducted-from country, the vast majority of claims of harm—those that do not rise to the level of gravity required by the Convention—evaporate.").

Respondent fails to introduce new evidence which triggers relief under Rule 59(e).

Respondent's motion for new trial, to amend judgment, or for relief from judgment is DENIED.

## III. MOTION FOR STAY PENDING APPEAL

"Courts should apply the four traditional stay factors in considering whether to stay a return order: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*,

568 U.S. 165, 179 (2013) (citations and internal quotation marks omitted). Contrary to Respondent's argument, the four factors do not weigh in favor of a stay.

Regarding the first factor, Respondent says she is likely to succeed on the merits of her appeal because evidence shows Petitioner acquiesced to N.M.D. staying in the United States with her.

The Court questioned the parties in depth about acquiescence during the trial hearing. In the final order, the Court made detailed findings regarding acquiescence and concluded that the evidence showed "no consistent attitude of acquiescence over a significant period of time on the part of the Father" – as required to establish the exception to return.

Citing to the facts that benefit her but ignoring others, Respondent says Petitioner acquiesced to N.M.D. staying the United States. However, she fails to undermine the Court's finding – based on all the facts – that Petitioner had no *consistent* attitude of acquiescence over a significant period. As such, the Court finds she is not likely to prevail on the merits of her appeal.

The second and third factors offset – unless the fact that Respondent is not likely to succeed on appeal is considered, which would mean there is very little likelihood Respondent would be irreparably harmed absent a stay. Both parties have equal interest and would be harmed equally.

Respondent's argument regarding N.M.D. acclimating to Canada – i.e., that a stay is in the best interest of N.M.D., and that N.M.D. will be harmed absent a stay because he is having a hard time acclimating to Canada after having lived in Michigan since his wrongful retention – lacks merit. *See Friedrich II*, 78 F.3d at 1068.

Finally, the fourth factor favors Petitioner.

"The purpose of the Hague Convention is to 'protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence. . . .'" *Robert v. Tesson*, 507 F.3d 981, 988 (6th Cir. 2007) (quoting Hague Convention, Preamble); *Friedrich II*, 78 F.3d at 1064 (the Hague Convention is intended to "restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court").

Respondent wrongfully retained N.M.D. in Canada. Thus, the public interest is to enforce the Hague Convention procedures and ensure a prompt return of N.M.D. to Canada.

Respondent's motion for stay pending appeal is DENIED.

**IV.    CONCLUSION**

Respondent's motion for new trial, to amend the judgment, or for relief from judgment [EDC No. 61] and her motion for stay pending appeal [ECF No. 62] are **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 20, 2018